UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLEN ALEBORD, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | *  Civil Action No. 14-cv-10493-IT |
| | * |
| LISA MITCHELL, | * |
| | * |
| Respondent. | * |

MEMORANDUM & ORDER

November 18, 2014

TALWANI, D.J.

I.  Introduction

Before the court is Respondent's Motion to Dismiss for Failure to Exhaust State Court Remedies [#10]. For the following reasons, the motion is DENIED.

II. Background

In February 2004, Petitioner Glen Alebord was convicted of second-degree murder in violation of Mass. Gen. Laws ch. 265, § 1 and sentenced to life in prison. See Petition, 2 [#1] [hereinafter Pet.]. In September 2005, Petitioner filed a motion for a new trial in the trial court based on a claim for ineffective assistance of counsel for failure to call a corroborating witness. See Pet., 4. In November 2005, that motion was denied. Id. Petitioner's appeal of the denial of this motion was consolidated with the direct appeal of his conviction to the Massachusetts Appeals Court (the "Appeals Court"), which affirmed Petitioner's conviction and the trial court's order denying the motion for new trial. Commonwealth v. Alebord, 859 N.E.2d 440, 442, 448 (Mass. App. Ct. 2006). Petitioner's application for further review before the Supreme Judicial

Court of Massachusetts ("SJC") was denied in March 2007. Commonwealth v. Alebord, 862 N.E.2d 379 (Mass. 2007).

In April 2008, Petitioner filed a second motion for a new trial in the trial court. See Pet., 5. In this motion, Petitioner raised for the first time the following three claims: (1) the trial court violated Petitioner's Sixth Amendment right to a public trial by closing the courtroom for the entire jury selection process; (2) neither the Petitioner nor his trial counsel made a knowing waiver of his right to a public trial during jury selection; and (3) ineffective assistance of counsel for failure to object to the closure of the courtroom. See Pet., 5; Commonwealth v. Alebord, 953 N.E.2d 744, 746 (Mass. App. Ct. 2011).

Following an evidentiary hearing, the trial court denied Petitioner's motion, finding that his failure to object to the closure of the courtroom amounted to a waiver of the claim. See id. at 750. The Appeals Court, however, vacated the trial court's order and remanded the case, holding that Petitioner's failure to object was insufficient to demonstrate a knowing waiver. Id. at 750–51. On remand, the trial court again denied the motion for a new trial, finding that, while there was no evidence that Petitioner knowingly waived his right to a public trial, any violation was de minimis. See Commonwealth v. Alebord, 4 N.E.3d 248, 251 (Mass. 2014). The SJC granted the Commonwealth's motion for direct appellate review and affirmed the denial of the motion for a new trial, holding that the closure of the courtroom was not de minimis but that Petitioner had waived his right to a public trial. Id. at 254–55. Petitioner then filed a petition for a writ of certiorari with the United States Supreme Court, which was denied in June 2014. Alebord v. Massachusetts, 134 S. Ct. 2830 (2014).

In March 2014, Petitioner filed the instant petition raising the following three grounds: (1) "The trial court violated [Petitioner's] Sixth Amendment right to a public trial by closing the

courtroom during the entire jury selection process"; (2) "The Mass. Supreme Judicial Court violated . . . Petitioner's Federal constitutional right to due process under the 14th [A]mendment by finding that he waived his right to public trial"; and (3) "The Petitioner was deprived of his 6th Amendment right to the effective assistance of counsel because his trial counsel did not object to the closure of the court for jury selection." Pet., 6–9.

III.     Discussion

Under the Antiterrorism and Effective Death Penalty Act of 1996, an application for a writ of habeas corpus will not be granted on behalf of a person in custody pursuant to the judgment of a state court "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Exhaustion requires that a petitioner present, or do his best to present, the substance of a federal habeas claim "fairly and recognizably" to the state's highest tribunal before seeking habeas relief. Adelson v. DiPaola, 131 F.3d 259, 262 (1st Cir. 1997); see Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007). "A claim is fairly presented so long as it is made in such a way that 'a reasonable jurist' would have recognized 'the existence of the federal question.'" Josselyn v. Dennehy, 475 F.3d 1, 3 (1st Cir. 2007) (quoting Casella v. Clemons, 207 F.3d 18, 20 (1st Cir. 2000)). "This means that 'the legal theory [articulated] in the state and federal courts must be the same.'" Clements, 485 F.3d at 162 (alteration in original) (quoting Gagne v. Fair, 835 F.2d 6, 7 (1st Cir. 1987)).

Respondent argues that Petitioner did not exhaust his Fourteenth Amendment claim because he never raised this claim to the SJC. While Petitioner concedes that he did not address his Fourteenth Amendment claim in his initial brief to the SJC, he argues that after the Commonwealth raised the issue of waiver in its opposition, Petitioner presented this claim in his

3

reply brief. Petr's Opp. Respt's Mot. Dismiss Failure Exhaust State Ct. Remedies, 3 [#12]. In Petitioner's reply brief to the SJC, he argued that:

> Whether or not a defendant has waived his federal constitutional right to a public trial is an issue of federal law. The Supreme Court has made clear that a defendant's waiver of important constitutional rights is not valid under the Due Process Clause of the Fourteenth Amendment unless the record demonstrates "intentional relinquishment or abandonment of a known right or privilege." Boykin v. Alabama, 395 U.S. 238, 243 & n.5 (1969), quoting Johnson v. Zerbst, 304 U.S. 458, 464 (1938) . . . .
>
> In sum, it is clear that neither Mr. Alebord nor his counsel made a knowing and intentional waiver of his right to a public trial. Likewise, it is clear that Attorney Atwood did not make a tactical decision to waive Mr. Alebord's public trial right because he did not know that the public had been excluded from jury selection or that the right to a public trial applied to jury selection.

Def.'s Reply Br. at 12, 21, Commonwealth v. Alebord, 4 N.E.3d 248 (Mass. 2014) (No. SJC-11354), 2013 WL 4737394 at *12–21.

The court finds that the petition contains no unexhausted claims. As an initial matter, Petitioner's claim that the SJC violated his Fourteenth Amendment right to due process by finding that he waived his Sixth Amendment right to a public trial is not, by itself, a stand-alone ground for relief, but rather, constitutes an argument supporting Petitioner's underlying Sixth Amendment claim. The constitutional violation that Petitioner contests is the trial judge's closing of the courtroom during jury selection at his trial. The issue of waiver concerns whether that closure constituted a violation. Petitioner's claim before the SJC is substantially the same claim that he raises in the instant petition.

Moreover, as explained above, whether Petitioner waived his Sixth Amendment right was not only argued in the parties' briefing before the SJC, but analyzed and ruled upon in the SJC's opinion affirming Petitioner's conviction. For these reasons, the court finds that Respondent's motion is without merit.

4

IV.     Conclusion

For the foregoing reasons, Respondent's Motion to Dismiss for Failure to Exhaust State Court Remedies [#10] is hereby DENIED.

IT IS SO ORDERED.

Date:   November 18, 2014                                           /s/ Indira Talwani
                                                                    United States District Judge